IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| Estate of Cody Alan Halama, By and through its Administrator, Scott Rodney Halama, and Scott Rodney Halam, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>Murray Barkman, Individually, and d/b/a Barkman Transport, and Ralph William Eslinger,<br><br>Defendants.<br>_____<br><br>Cory D. Knust, Individually and Cory D. Knust, as Administrator of the Estate of Heather Ann Knust, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Ralph Eslinger, Murray Barkman, d/b/a Barkman Transport, and Dwight Barkman,<br><br>Defendants. | Civil No. 3:06cv53<br>Civil No. 2:06cv63 |

## MEMORANDUM AND ORDER

The following order memorializes the court's rulings on the discovery motions addressed during the hearing on July 13, 2007.

<u>Deposition of Knust Experts</u>

The parties to this consolidated action engaged in settlement discussions on June 4, 2007. Plaintiff Knust's case settled, plaintiff Halama's did not. As part of the settlement, plaintiff Knust and defendants agreed that Knust's experts cannot be used by plaintiff Halama in his case

1

against the defendants.  Plaintiff Halama moved to take the deposition of Knust's experts William Frank and Dr. Stanley Sangdahl, arguing first that the rules do no allow defendants to "lock up" the opinions of expert witnesses, and secondly that Halama reserved the right to call expert witnesses disclosed by other parties in the litigation in his Rule 26 (A)(2) Disclosures and Answers to Interrogatories.

Defendants oppose Halama's motion, asserting that Knust's experts are not qualified to testify as experts, and that defendants "placed value on excluding any use of Knust's experts by anyone else, including Halama."  <u>Defendants' Memorandum in Opposition to Plaintiffs Halama's Motion to Allow Testimony of Knust Experts and Other Discovery Issues</u> , at 2 (Doc. #120).  Plaintiff Knust also weighed in on the issue, asserting that Halama declined the opportunity to jointly retain expert witnesses and share in the cost and should not now be permitted to "utilize work product and opinions developed in connection with the prosecution of separate claims. . .."  <u>Plaintiff Cory Knust's Response to Plaintiff Scott Halama's Motion for Order Allowing Depositions of Plaintiff Knust's Expert Witnesses</u>, at 2 (Doc. #123).

The court conditionally denied plaintiff Halama's request, finding that Halama is not entitled to receive benefit from Knust's experts given his refusal to participant in the concomitant costs, and further that the subject matter of the experts duplicates, to some extent, those Halama is prepared to offer.  The court's ruling is not changed by its review of <u>Scott, Inc. v. McIlhany</u>, 798 S.W.2d 556 (Tex. 1990), cited by Halama during the discovery conference.  Rather, the court finds persuasive the reasoning in <u>Wolt v. Sherwood, A Div. of Harsco Corp.</u>, 828 F.Supp. 1562 (D. Utah 1993), wherein the court rejected the public policy considerations raised in <u>Scott, Inc.</u>  in favor of the rationale espoused by the West Virginia Supreme Court in

Board of Education v. Zando, Martin & Milstead, 182 W.Va. 597, 390 S.E.2d 796 (1990):

> The West Virginia Supreme Court found the settlement agreement acceptable and rejected the architect's claim. The court stated that defendants in a multi-party case should retain their own experts, and not rely upon other defendants. The court noted:
>
>> "[i]t is obvious to any sophisticated trial lawyer that in litigation involving multiple defendants there is a likelihood that settlement will occur before trial. To rely on another party defendant's witnesses without some formal agreement as to the shared use is to invite the consequences that arose ... in the present case."

Wolt v. Sherwood, A Division of Harsco Corp., 828 F. Supp. 1562, 1567 (C.D. UT 1993)(quoting Board of Educ. v. Zando, Martin & Milstead, Inc., 182 W.Va. 597, 390 S.E. 2d 796, 812 (1990)). Therefore, Plaintiff Halama's Motion for Extension of Court Deadlines Concerning Discovery and Order Allowing Depositions of Knust Experts (Doc. #117) is **DENIED**.

### Employment Records

Although defendant Eslinger contends his employment records are not relevant to this proceeding, his counsel has continued to produce them upon receipt. The court will not order additional time for the production of employment records without specific information concerning the need for such time. However, if highly relevant information develops from incoming employment records, plaintiff Halama may request appropriate relief.

### Mental Health Records

Reiterating that the court has never stated the mental condition of defendant Eslinger is relevant, the court nevertheless permitted limited discovery of his military medical records for impeachment purposes. Plaintiff Halama now seeks to obtain mental health records for treatment Eslinger obtained in Des Moines, Iowa. Counsel argued defendant Eslinger's qualification to be a truck driver is at issue, as well as the truthfulness of his statements on his

3

CDL application.  Plaintiff's request is **DENIED** based on the marginal relevancy of defendant Eslinger's mental condition, the significant issue of privilege, and the existence of other testimony.

## Cell Phone Records/Deposition

Plaintiff Halama requests leave to take the deposition of defendants' cell phone provider.  Apparently defendant Eslinger testified that he left his cell phone with his wife in January 2006.  Counsel's review of the phone records indicate the phone was being used on the day of the accident.  Plaintiff wants to depose a cell phone company representative to determine the truthfulness of defendant Eslinger's statements, specifically whether or not he had the phone and where he was when it was used.  Defendant objected, arguing plaintiff had the records as early as October 2006.  Plaintiff's motion to take the telephone deposition of a representative of the cell phone company is **GRANTED**.

**IT IS ORDERED.**

Dated this 8th day of August, 2007.

*/s/ Karen K. Klein*
Karen K. Klein
United States Magistrate Judge